UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMARA LEWIS, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY FISHER, DDS, and KATHLEEN ANN STOCKMAN, husband and wife, REGENCE BLUESHIELD, a Washington nonprofit corporation, GREGORY R. FISHER, DDS EMPLOYEE BENEFIT AND WELFARE PLAN, <br><br> Defendants. | Case No. C06-5352RJB <br><br> **ORDER** |

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment (Dkt. 27), Regence Blueshield's Cross Motion for Summary Judgment (Dkt. 28), and Plaintiff's Motion to Amend Complaint (Dkt. 38). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

## I.  FACTS AND PROCEDURE

This case arises out of Plaintiff's claim for benefits and other damages brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. In Plaintiff's Third Amended Complaint, Plaintiff alleges the following: Plaintiff was employed and worked as a dental assistant for Dr. Lewis Fisher ("Dr. Fisher"), and during her employment, Dr. Fisher provided medical benefits to her and the rest of his staff through a group health insurance policy issued by Regence Blueshield ("Regence").

ORDER
Page - 1

Dkt. 36, at 3.  Plaintiff left work due to severe medical problems and underwent several medical procedures in October, November, and December of 2005.  *Id.*, at 4.  Prior to receiving the services, Plaintiff contacted Dr. Fisher to confirm that insurance was in place.  *Id.*  Dr. Fisher confirmed that it was and that Plaintiff was covered by the plan, even though she was terminated because of her medical condition.  *Id.*  Dr. Fisher stated that he had submitted a form on behalf of Plaintiff to obtain a six month extension of the medical insurance policy.  *Id.*

Plaintiff further alleges that prior to her termination, in August of 2004, Dr. Fisher was notified by Regence that it was conducting an audit of his company's eligibility.  *Id.*  Plaintiff asserts that Dr. Fisher failed to notify her of the audit.  *Id.*  In December of 2005, Regence informed Dr. Fisher that it would not be renewing the medical insurance policy for his employees retroactively to October 1, 2004.  *Id.*  Plaintiff asserts that Regence, however, did not invalidate or cancel the policy that was in effect when she was granted a six month extension of benefits.  *Id.*  In January of 2005, Plaintiff alleges that she received a notice of non-coverage from Regence and Regence denied her claims for medical services.  *Id.*, at 4-5.

On October 31, 2005, Plaintiff filed a Complaint for Breach of Contract, Promissory Estoppel, and Negligent Misrepresentation in Washington State Superior Court for Pierce County.  Dkt. 1-1, at 13.  Plaintiff originally named Gregory Fisher, DDS, and Kathleen Ann Stockman, husband and wife, as defendants.  *Id.*  On May 18, 2006, the parties stipulated to the amendment of the Complaint to add Regence as a defendant.  Dkt. 1-2, at 5.  On June 23, 2006, Defendant Regence removed the action to this Court pursuant to 28 U.S.C. § 1441.  Dkt. 1-1, at 1.  On October 10, 2006, the parties stipulated to the entry of a Second Amended Complaint to add claims under ERISA against Regence.  Dkt. 12, at 1.  On November 3, 2006, Plaintiff filed a Motion to Amend to Join Additional Party, seeking to join "Gregory R. Fisher, DDS Employee Benefit and Welfare Plan" ("the Plan").  Dkt. 16.  On December 5, 2006, the Court entered an Order joining the Plan as a party.  Dkt. 18.  On April 23, 2007, Plaintiff filed a "Third Amended Complaint (filed pursuant to Court Order dated December 1, 2006)."  Dkt. 36.

On March 15, 2007, Plaintiff filed a Motion for Partial Summary Judgment.  Dkt. 27.  Plaintiff noted her Motion for Partial Summary Judgement for consideration on April 6, 2007.  *Id.*  Defendant Regence filed a Response and Cross Motion for Summary Judgment on April 2, 2007.  Dkt. 28.  Regence's Cross Motion for Summary Judgment was noted for consideration on April 27, 2007.  *Id.*  On

April 5, 2007, Plaintiff filed a Motion for Continuance Pursuant to Fed. R. Civ. P. 56(f). Dkt. 32. The Court granted Plaintiff's requested and renoted the motion for consideration. Dkt. 35.

On March 23, 2007, Plaintiff filed a Motion to Amend Complaint and submitted a proposed Fourth Amended Complaint. Dkt. 38. In this motion, Plaintiff "recognizes that Regence is not a proper party to a claim for benefits and that the Plan and Dr. Fisher as the Plan Administrator[] are properly subject to a claim for benefits . . . . [And,] Plaintiff consequently seeks to amend her Complaint so that the facts . . . are properly pled . . . ." *Id.*, at 2.

Currently pending before the Court are three motions: Plaintiff's Motion for Partial Summary Judgment (Dkt. 27), Regence Blueshield's Cross Motion for Summary Judgment (Dkt. 28), and Plaintiff's Motion to Amend Complaint (Dkt. 38). Plaintiff originally asked this Court to grant partial summary judgment against Defendant Regence because Plaintiff, as a matter of law, is entitled to benefits under the group policy. Dkt. 27, at 6. In its Cross Motion for Summary Judgment, Regence argues, among other things, that it is not a proper party because it is not the Plan Administrator as defined under ERISA. Dkt. 28, at 1. Plaintiff acknowledges in her Motion to Amend Complaint (Dkt. 38, at 2) and her Response to Defendant Regence's Cross-Motion for Summary Judgment (Dkt. 37) that Regence is not a proper party, and she asks the Court to allow her to amend her Complaint to reflect that fact. No party objects to Plaintiff's Motion to Amend Complaint.

## II.   DISCUSSION

### A.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R.

Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### B. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR CROSS SUMMARY JUDGMENT

Plaintiff "concedes" that Regence, as the claims administrator, is not a proper party to a claim for benefits under ERISA. Dkt. 37, at 3. Plaintiff admits that the cases of *Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076 (9th Cir. 2005), and *Warner v. Standard Ins. Co.*, No. C06-5549 RJB, 2007 U.S. Dist. LEXIS 3442 (January 17, 2007) are controlling. ERISA authorizes actions to recover benefits against the plan as an entity and against the plan's administrator. *Ford*, 399 F.3d 1076, 1082 (2005) (citations omitted). Because Plaintiff and Regence agree that Regence is not the Plan administrator, and because no party objects, Regence should be dismissed. Under the circumstances, consideration of the parties' other arguments is not necessary. Therefore, the Court should deny Plaintiff's Motion for Partial Summary Judgment (Dkt. 27) and grant Regence's Cross Motion for Summary Judgment (Dkt. 28).

### C. FEDERAL RULE OF CIVIL PROCEDURE 15(a) STANDARD

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court or by consent of the adverse parties. Fed. R. Civ. P. 15(a). Generally, "leave shall be freely given when justice so requires." *Id.* This policy is to be applied with "extreme liberality."

*Eminince Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In deciding whether to allow an amendment, a district court should consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Not all of the factors merit equal weight, and prejudice to the opposing party carries the greatest weight. *Eminence*, 316 F.3d at 1051. A simple denial of leave to amend without explanation is subject to reversal. *Id.*

### D. PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff seeks to amend her Complaint so that the facts are "properly plead as violations of ERISA against the Plan Sponsor and Plan Administrator, Dr. Gregory Fisher, as well as the Plan itself." Dkt. 38, at 2. Plaintiff argues that amendment is appropriate because there is "no evidence that Plaintiff has engaged in undue delay, bad faith or that she has a dilatory motive." *Id.*, at 3. Further, Plaintiff argues that, while the amended complaint will be "admittedly" late, Dr. Fisher faces little or no prejudice because he filed his Answer to the Second Amended Complaint only last month. *Id.* Plaintiff argues that Dr. Fisher "has been identified in the contract documents with Regence as the Plan Administrator and is properly the party against whom Plaintiff has a claim for benefits under ERISA." *Id.* Last, Plaintiff argues that the motion should be granted because the claims Plaintiff seeks to add depend on the "same set of facts" as the previous claims and therefore "the defendants are not required to radically change their litigation strategy." *Id.*, at 3-4.

Although no party objects to Plaintiff's Motion to Amend Complaint, the motion should not be granted. Plaintiff submitted a Proposed Fourth Amended Complaint along with her motion. Dkt. 38-2, at 5. The caption and other portions of Plaintiff's proposed complaint do not accurately reflect the changes Plaintiff purports to wish to make in her Motion to Amend Complaint. *See* Dkts. 38-1 and 38-2. Most obviously, the caption of the proposed complaint appears to indicate that the party, "Gregory R. Fisher, DDS, Employee Benefit and Welfare Plan," has been dismissed from the case. Dkt. 38-2, at 5. Plaintiff at no time indicated in her motion that she wished to dismiss the Plan from the case. The caption also appears to indicate that Regence remains a party, even though Plaintiff has conceded that Regence should be dismissed. *Id.*; Dkt. 37, at 3. Therefore, Plaintiff's Motion to Amend Complaint (Dkt. 38) should be denied without prejudice.

Hopefully, Plaintiff can redraft a Fourth Amended Complaint and the parties will stipulate to an order allowing the amendment.

### **III.     ORDER**

Therefore, it is hereby **ORDERED** that:

(1) Plaintiff's Motion for Partial Summary Judgment (Dkt. 27) is **DENIED**;

(2) Regence Blueshield's Cross Motion for Summary Judgment (Dkt. 28) is **GRANTED** and Regence Blueshield is **DISMISSED** from the action;

(4) Plaintiff's Motion to Amend Complaint (Dkt. 38) is **DENIED WITHOUT PREJUDICE**; and

(2) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of May, 2007.

                                        ROBERT J. BRYAN
                                        United States District Judge